

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00571-CV

_____

## THE GUARDIANSHIP OF DALTON HOMER COBB, JR., AN INCAPACITATED PERSON

_____

On Appeal from Probate Court No. 1
Tarrant County, Texas
Trial Court No. 2023-GD000791

_____

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellants Kaleb and Kylie Cobb—who are "interested persons" under the Texas Estates Code because they are devisees under the will of Dalton Homer Cobb, Jr., *see* Tex. Est. Code Ann. § 1002.018(1)—attempt to appeal the probate court's order setting aside its earlier order approving a mediated settlement agreement between Dalton and his wife Lezlie Boone Cobb in connection with their divorce.

Dalton executed a will in 2021 that created a family trust and a marital trust whose assets were to go to Kaleb and Kylie (Dalton's nephew and niece) upon Lezlie's death, inability, or unwillingness to serve as trustee.[1] The next year, Lezlie filed for divorce, and Dalton counterpetitioned. In March 2023, Dalton's divorce lawyer sought to have a guardian appointed for Dalton because he had been diagnosed with dementia.

The probate court appointed separate guardians for Dalton's person and his estate and authorized the estate guardian to represent Dalton's interests in the divorce. In June 2025, Dalton—through his estate guardian—and Lezlie entered into an irrevocable mediated settlement agreement, and the guardian applied to the probate court for an order approving the MSA and proposed divorce decree.

---

[1]Because the various parties share a surname, we use their first names for clarity.

Dalton died on July 16, 2025, the day before the probate court approved the MSA on July 17; twelve days later, the probate court set that order aside.[2] Through a motion to reconsider, Kaleb and Kylie sought to have the probate court revisit its July 29 set-aside order and instead allow the July 17 order approving the MSA to stand. When the probate court declined to do so, Kaleb and Kylie filed this appeal.

On November 4, 2025, we notified the appellants of our concern that we lack jurisdiction over this appeal because the July 29 order does not appear to be a final judgment or appealable interlocutory order. We warned that unless the appellants (or anyone else wanting to continue the appeal) filed a response showing grounds for continuing the appeal, we would dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Kaleb and Kylie responded, but their response does not show grounds for continuing the appeal.

Generally, appeals may be taken only from final judgments or interlocutory orders that are authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). A judgment or order is final if it disposes of every pending claim and party. *Id.* at 205. "Probate and guardianship proceedings present an exception to the 'one final judgment' rule." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (cleaned up). An order in a guardianship proceeding will be final and appealable if it

---

[2]The probate court was presumably unaware that Dalton had died when it entered its July 17 order.

disposes of all issues and all parties "in the phase of the proceeding for which it was brought." *Id.* at 925.

Although a ward's death "will necessarily bring the guardianship of the person to an end," "the guardianship proceeding does not automatically terminate on the ward's death. Instead, the probate court's jurisdiction continues until the court settles and closes the guardianship and discharges the guardian." *In re Guardianship of Fairley*, 650 S.W.3d 372, 381 (Tex. 2022) (noting that Estates Code authorizes guardian to take certain actions after ward's death before closing guardianship). We do not construe the probate court's order setting aside the approval of the MSA in Dalton and Lezlie's *divorce* as disposing of a particular phase of the *guardianship* proceeding— nor do Kaleb and Kylie argue that it did.[3] Thus, the order was interlocutory.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: December 18, 2025

---

[3]Indeed, in their response to our jurisdictional letter, they candidly describe this particular-phase-finality issue as "admittedly unclear" and state that their appeal was taken "[i]n abundance of caution," recognizing that if we dismiss the appeal for lack of finality, they can appeal the order when the guardianship proceeding concludes.